IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

1. FALCON INSURANCE COMPANY, LLC, an Illinois Limited Liability Corporation,

        Plaintiff,

v.

1. GARY TIDWELL, Individually;
2. MACY DRAKE, Individually;
3. TIFFANY CHAMBRAY, Individually;
4. JOHN GOERING, Individually; and
5. EAN HOLDINGS, LLC D/B/A ENTERPRISE RENT-A-CAR, a foreign limited liability company,

        Defendants.

Case No. CIV-21-56-D

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Falcon Insurance Company, LLC ("Falcon"), by and through its counsel of record, David A. Russell and Brenna N. Wiebe of the law firm of Rodolf & Todd, and for its *Complaint for Declaratory Judgment* against Gary Tidwell, Macy Drake, Tiffany Chambray, Ean Holdings, LLC d/b/a Enterprise Rent-A-Car and John Goering (collectively, "Defendants"), alleges and states as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Falcon is a limited liability corporation formed and existing under the laws of the State of Illinois, having its principal place of business within that state, and it is authorized to conduct the business of insurance in the State of Oklahoma.

2. Upon information and belief, Gary Tidwell is a citizen of the State of Oklahoma.

3. Upon information and belief, Macy Drake is a citizen of the State of Oklahoma.

4. Upon information and belief, Tiffany Chambray is a citizen of the State of Oklahoma.

5. Upon information and belief, John Goering is a citizen of the State of Oklahoma.

6. Upon information and belief, Ean Holdings, LLC d/b/a Enterprise Rent-A-Car is a Delaware limited liability company that is authorized to conduct business in Oklahoma.

7. As more particularly described below, the amount in controversy in this litigation exceeds the sum of $75,000, exclusive of interests and costs.

8. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

9. This action concerns a policy of insurance issued by Plaintiff Falcon insuring a certain vehicle located within Oklahoma County, Oklahoma.

10. The incidents out of which this dispute arises occurred within the territorial district of this Court, and the Defendants, Macy Drake, Gary Tidwell, Tiffany Chambray and John Goering reside in this Court's territory.

11. Venue is proper with this Court pursuant to 28 U.S.C. § 1391.

## BACKGROUND

12. Falcon issued a Policy No. 0400006616-1 (the "Policy") to Gary Tidwell, effective from October 7, 2020 to April 7, 2021, a true and correct copy of which is attached hereto as Exhibit 1.

13. The vehicle covered under the Policy is a 2019 Chevrolet Equinox LS, Vin No. 3GNAXHEV3KS557927.

14. Gary Tidwell was listed as the Named Insured and Driver on the Declarations page. Anita Tidwell was listed on the Declarations page only as an Excluded Driver. The Declarations page does not list anyone else as either an Insured or Excluded Driver. *See*, Declarations page, attached hereto as Exhibit 2.

15. On information and belief, in October 2020, Defendant Macy Drake was the girlfriend of Gary Tidwell.

16. On information and belief, Ms. Drake did not reside with Mr. Tidwell, and she was not a member of Mr. Tidwell's household.

17. On October 12, 2020, Mr. Tidwell rented a white Nissan Sentra ("Rental Vehicle") from Enterprise Rent-A-Car ("Enterprise") in Midwest City, Oklahoma.

18. Falcon does not have any information at this time about whether Mr. Tidwell purchased any additional insurance coverage on the Rental Vehicle through Enterprise.

19. In its investigation of this claim, Falcon obtained a statement from Mr. Tidwell. Mr. Tidwell stated that he rented the Nissan Sentra for use while the Chevrolet Equinox was undergoing general maintenance. Mr. Tidwell could not identify where the Chevrolet Equinox was taken for maintenance, other than that he believed it was serviced at "Avis."

20. Mr. Tidwell did not produce an invoice to Falcon for the maintenance work to the Chevrolet Equinox, nor did he produce a receipt of payment for the maintenance.

21. In his statement, Mr. Tidwell admitted to Falcon that he continued to rent the Nissan Sentra from Enterprise after he picked up the Chevrolet Equinox from the repair shop.

22. Prior to the October 19, 2020 collision, Mr. Tidwell had possession and use of both the Chevrolet Equinox and the rented Nissan Sentra. In his statement, Mr. Tidwell admitted that he had resumed driving the Chevrolet Equinox.

23. On October 19, 2020, Mr. Tidwell gave Ms. Drake permission to drive the Nissan Sentra while Mr. Tidwell drove the Equinox.

24. That same day, Ms. Drake, while driving the Nissan Sentra, was involved in a motor vehicle accident with Ms. Chambray and Mr. Goering in Del City, Oklahoma.

25. On October 21, 2020, Falcon received notice of the claim from counsel for Ms. Chambray.

26. On November 5, 2020, Macy Drake was named as a defendant in an action filed by Tiffany Chambray in *Chambray v. Drake*, Case No. CJ-2020-5539, pending in the District Court for Oklahoma County.

27. Ms. Chambray is seeking damages from Macy Drake in excess of $75,000.00 and is alleging that Falcon should be liable for the same under Policy No. 0400006616-1, which is the Policy that covered the Chevrolet Equinox.

28. On December 2, 2020, Ms. Chambray filed an *Amended Petition*, wherein Ms. Chambray added Gary Tidwell as a defendant. Ms. Chambray has alleged that Mr. Tidwell negligently entrusted the rental vehicle to Ms. Drake.

29. Falcon denies that there is any coverage for the Sentra and the October 19, 2020 collision because Ms. Drake was not an insured under the Policy and was not driving a vehicle that qualified as a "covered auto" under the Policy.

## PERTINENT POLICY TERMS

30. Falcon adopts and incorporates Paragraph Nos. 1-29 as if fully set forth herein.

31. Part I of the Policy outlines the coverage available when an insured is involved in a collision resulting in property damage and/or bodily injury. Pursuant to Additional Definition No. 1, p. 10 and in pertinent part, an insured driver is defined as,

    1. **You**, a **family member**, or an **insured driver** for the ownership or use of
       a. **Covered auto** covered by this Part 1;
       b. **Non-owned auto** or **temporary substitute auto**; or
       c. **Trailer** while being towed by a **covered auto**, a **non-owned auto**, or a **temporary substitute auto**.

    However, if a **person** described in this clause #1 has not been disclosed to **us**, then that **person** will be an **insured person** under this Part I only for the portion of the damages due to **bodily injury** or **property damage** that is

> less than or equal to the **minimum limits**, and we have no duty to defend that person;
>
> 2. Any other **person** who is **using** a:
>    a. **Covered auto**; or
>    b. **Trailer** while being towed by a **covered auto**;
>
> With the express or implied permission from the **named insured**. . .

32. Ms. Drake does not fall within the definition of an insured person for purposes of liability coverage under the Policy. She was neither a family member of the insured driver, nor was she an "insured driver" as that term is defined in the Policy Definitions. She was not listed on the Policy, and she did not reside in Mr. Tidwell's household.

33. Moreover, Ms. Drake does not qualify under Part 2 of the "insured driver" definition for purposes of liability coverage as the Nissan Sentra does not qualify as a "covered auto" as that term is defined in Policy Definition No. 7, p. 5.

34. A **covered auto**, in pertinent part, is defined as,

> a. A **motor vehicle** that:
> 1. Is **owned** by **you**;
> 2. **You** have asked **us** to insure; and
> 3. Is shown on the **declarations page**;
>    But only for the coverage(s) that have been bought for it.
> b. An **additional acquired auto**;
> c. A **replacement auto**;
> d. A **temporary substitute**.

35. The Nissan Sentra was not owned by Mr. Tidwell. He did not ask Falcon to insure the vehicle, and the Sentra is not shown on the Declarations page. Rather, the only vehicle reflected on the Declarations page is the Chevrolet Equinox.

36. The Sentra also cannot be considered an "additional acquired auto," because under the Policy, in order to qualify as such, Mr. Tidwell would have had to become the owner of

5

the Sentra, asked Falcon to insure it, and pay any additional premiums associated with insuring the Sentra. *See*, Policy definition of "Additional acquired auto," No. 3, p. 4.

37. Mr. Tidwell never owned the Nissan Sentra.

38. He never asked Falcon to insure the Nissan Sentra.

39. He never paid any premiums or provided any other consideration to insure the Nissan Sentra.

40. The Sentra cannot be considered a "replacement auto," because again, Mr. Tidwell did not become the owner of the Sentra. He did not ask Falcon to insure the Sentra, and he still owned the insured Equinox, which the Sentra would have replaced on the Policy. Finally, he never paid Falcon any premiums to insure the Sentra. *See*, Policy definition of "Replacement auto," No. 15, p. 7.

41. If Mr. Tidwell did consider the Nissan Sentra to be either an "additional acquired auto" or a "replacement auto," he failed to abide by the General Policy Terms, which states under No. 6, that in order to

> Properly set premium and insure **you**, your **family members**, drivers and **autos**, **you** must promptly give **us** notice when:
> a. There is a change in the number, type or **use** of **covered autos** shown on the **declarations page**;
> \*\*\*
> e. There is any change in the **persons** who regularly **operate** a **covered auto**;
> \*\*\*
> g. You get an **additional acquired auto** or a **replacement auto**.

42. Thus, arguably the only provision the Sentra could conceivably have fallen under would be that of a "temporary substitute." However, as shown by the facts of this case, the Sentra cannot be considered a temporary substitute under the Policy.

43. A temporary substitute auto, under Policy Definition No. 18, p. 8, is defined as,

      an **auto** that is a substitute for a **covered auto** while that **covered auto** is not in **use** due to breakdown, servicing, repair, **loss** or destruction if the substitute **auto** is:
  a. Rented by **you** or an **insured driver** under a written contract from a **business** engaged in renting **motor vehicles**;
  b. **Used** with the express permission of the **owner** of that **auto** and within the scope of that permission; and
  c. Not **owned** by **you**, a **family member** or any **insured driver**.

      An **auto** ceases to be a **temporary substitute auto** the earlier of when:
  a. The **covered auto** it was replacing is repaired, restored to service, or replaced;
  b. The **auto** being rented is returned; or
  c. 30 days.

44. Mr. Tidwell had possession of and was using the Chevrolet Equinox, which was the vehicle insured under the Policy, when the collision occurred on October 19, 2020. Thus, it had been repaired and restored to service prior to the collision involving the Sentra.

45. As such, under the Policy, the white Nissan Sentra no longer qualified as a temporary substitute auto and thus, is not covered under the Policy.

46. Moreover, the Policy excludes coverage for any award of punitive damages including any award of attorney's fees as a result of obtaining a punitive damages award. *See*, Part I-Liability, Exclusion No. 3.

## REQUEST FOR DECLARATORY RELIEF

47. Falcon adopts and incorporates Paragraph Nos. 1-46 above as if fully set forth herein.

48. The policy terms demonstrate no coverage exists for claims made by Ms. Chambray in her *Amended Petition*.

49. Because of the claims made against Falcon, and the resulting demand under the Policy, a controversy exists between Falcon and Gary Tidwell, as named insured under the Policy, and Macy Drake as to whether Falcon is obligated under the Policy to defend or indemnify them for claims made against them by Ms. Chambray.

50. A controversy exists between Falcon and Ms. Chambray insofar as she has or may assert some entitlement to proceeds of the Policy in the event she obtains a recovery on her claims.

51. A controversy exists between Falcon and John Goering insofar as he has or may assert some entitlement to proceeds of the Policy in the event he seeks recovery on his claims.

52. A controversy exists between Falcon and Enterprise insofar as it has or may assert some entitlement to the proceeds of the Policy in the event it seeks recovery on its claims.

WHEREFORE, premises considered, Falcon requests this Court enter the following relief in its favor:

A. Judgment declaring that the Policy issued by Falcon to Gary Tidwell affords no coverage for the claims asserted by Tiffany Chambray against Mr. Tidwell and Macy Drake;

B. Judgment declaring that Falcon does not owe a duty under the Policy to indemnify either Gary Tidwell or Macy Drake for any damages that Ms. Chambray may recover against either Mr. Tidwell or Ms. Drake;

C. Judgment declaring that Falcon owed no duty under the Policy to defend either Mr. Tidwell or Ms. Drake against the claims asserted against them by Ms. Chambray in the *Amended Petition*;

D. Judgment declaring that Falcon does not owe a duty under the Policy to indemnify either Gary Tidwell or Macy Drake for any damages that Mr. Goering may recover against either Mr. Tidwell or Ms. Drake;

E. Judgment declaring that Falcon does not owe a duty under the Policy to defend either Mr. Tidwell or Ms. Drake against any claims that may be asserted against them by Mr. Goering;

F. Judgment declaring that Falcon does not owe a duty under the Policy to indemnify either Gary Tidwell or Macy Drake for any damages that Enterprise may recover against either Mr. Tidwell or Ms. Drake;

G. Judgment declaring that Falcon does not owe a duty under the Policy to defend either Mr. Tidwell or Ms. Drake against any claims that may be asserted against them by Enterprise; and

H. An Order granting Falcon any other relief in its favor this Court deems just, equitable or necessary.

Respectfully submitted,

/s/ David A. Russell
David A. Russell, OBA 15104
Brenna N. Wiebe, OBA 32537
RODOLF & TODD
15 E. 5th Street, 6th Floor
Tulsa, OK 74103
918-295-2100 - Phone
918-295-7800 – Fax
David@rodolftodd.com
Brenna@rodolftodd.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the ____ day of _____, 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

      I hereby certify that on the 26th day of January, 2021, I served the same document by U.S. Postal Service/e-mail/courier/hand delivery on the following, who are not registered participants of the ECF system:

Bryan Garrett, Esq.
119 N. Robinson, Suite 650
Oklahoma City, OK 73102

                                                                s/      David A. Russell