IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FALCON INSURANCE COMPANY, LLC.,<br><br>             Plaintiff,<br><br>v.<br><br>GARY TIDWELL,<br>MACY DRAKE,<br>TIFFANY CHAMBRAY,<br>JOHN GOERING, and,<br>EAN HOLDINGS, LLC d/b/a<br>ENTERPRISE RENT-A-CAR,<br><br>             Defendants. | Case No.  CIV-21-56-D |

## ORDER

Before the Court is Plaintiff's Motion for Entry of Default Judgment against Macy Drake [Doc. No. 25] and Motion for Entry of Default Judgment against EAN Holdings, LLC d/b/a Enterprise Rent-A-Car ("Enterprise") [Doc. No. 26]. This case involves insurance coverage issues arising out of a car accident involving Ms. Drake, Defendant Tiffany Chambray, and Defendant John Goering. The accident occurred while Ms. Drake was driving a vehicle rented from Enterprise. Plaintiff seeks a declaratory judgment as to all defendants that it has no obligation under an insurance policy issued to Defendant Gary Tidwell to defend or indemnify Ms. Drake or Mr. Tidwell for claims made by Mr. Goering, Ms. Chambray or Enterprise.

As Plaintiff correctly points out, the clerk filed an Entry of Default as to Ms. Drake and Enterprise pursuant to Federal Rule of Civil Procedure 55(a) because they were properly served but failed to plead or otherwise defend the case [Doc. No. 20]. The

1

remaining defendants have answered Plaintiff's Complaint. Pursuant to Rule 55(b), Plaintiff now asks the Court to enter a default judgment in its favor and against Ms. Drake and Enterprise on its request for declaratory relief.

Generally, "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *Exquisite Form Ind., Inc. v. Exquisite Fabrics of London*, 378 F.Supp. 403, 416 (S.D.N.Y.1974)). "This rule is commonly applied where, as here, an insurer seeks a declaratory judgment that an insurance policy does not trigger a duty to defend or indemnify both the defaulting defendant and the other named defendants who may appear and contest the insurer's allegations." *Essex Ins. Co. v. Moore*, No. 6:11-CV-515-ORL-19, 2011 WL 3235685, at *1 (M.D. Fla. July 28, 2011).

Here, the insurance coverage issues related to Ms. Drake or Enterprise are intertwined with the coverage issues affecting the non-defaulting defendants. Thus, any rulings related to the interpretation of the insurance policy or the scope of the coverage will impact all defendants. Although Ms. Drake and Enterprise will not be permitted to participate in the proceedings because of their default, the remaining defendants retain the right to present their arguments in response to Plaintiff's contentions. *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000). Under these circumstances, it is appropriate to defer entry of default judgment until the Court has had an opportunity to rule on the substantive issues.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Entry of Default Judgment against Macy Drake [Doc. No. 25] and Motion for Entry of Default Judgment against EAN Holdings, LLC d/b/a Enterprise Rent-A-Car [Doc. No. 26] are DENIED without prejudice to refiling at an appropriate time.

IT IS SO ORDERED this 16th day of September, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge